UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SENECA INSURANCE
COMPANY, INC.,
           Plaintiff,

v.                                       Case No. 6:19-cv-2401-JA-EJK

KUMHO TIRE U.S.A., INC.,
           Defendant.

_____

## ORDER

This is a products liability case arising from a single vehicle accident. The accident occurred when the right front tire on a truck owned and operated by Southern States Pavement Markings, Inc. (Southern) failed, causing the truck to careen off the highway, crash into several trees, and run over a fence. Fortunately, neither the driver nor the passenger was injured, but the truck was seriously damaged.

Plaintiff Seneca Insurance Company, Inc. (Seneca) paid Southern for damage to the truck under the terms of the policy it issued to Southern. Seneca then filed this suit against Kumho Tire U.S.A., Inc. (Kumho), seeking to recover the sum it had paid Southern. Seneca alleges that the defective tire was manufactured by Kumho and that the defect was the proximate cause of the accident. But because Seneca fails to present competent evidence that Kumho

manufactured the failed tire, the Court must grant Kumho's Motion for Summary Judgment[1] (Doc. 32).[2]

## I.   Background

The tire failed on Interstate 4 near a Southern jobsite. (Byrd Dep., Doc. 32-3, at 11, 25, 30). After the crash, remnants of the tire were still attached to the vehicle (the tire carcass), but the tread had come off the tire and was not recovered. (Id. at 42). A wrecker service responded to the accident and towed the truck to a tire shop in Jacksonville. (Interrog. Answers, Doc. 32-7, at 8–9). While the truck was in the shop,[3] Southern notified Seneca of the accident. (McGovern Dep., Doc. 32-5, at 15). After nearly three weeks, Southern moved the truck from the tire shop to its storage facility in St. Augustine. (Interrog. Answers at 8–9).

Over two months later, Seneca sent investigators to St. Augustine to inspect the truck and the tires that remained on the vehicle after the accident (the companion tires). (McGovern Dep. at 17, 63–65). But the investigators were unable to inspect the tire carcass because by the time the truck arrived at Southern's facility, either the wrecker service or the tire shop had removed the carcass and installed a new tire in its place.[4] (Carter Dep., Doc. 32-8, at 30;

---

[1] Seneca filed a Response, (Doc. 35), and Kumho filed a Reply, (Doc. 44).

[2] Kumho also filed a *Daubert* motion. (Doc. 33). Because the Court grants summary judgment on other grounds, the *Daubert* motion is not considered here.

[3] The parties present no evidence as to what repairs, if any, the tire shop made.

[4] The parties present no evidence clearly establishing who removed the carcass.

Byrd Dep. at 47–48; Wood Dep., Doc. 32-4, at 53; McGovern Dep. at 24, 40). Yet, during the inspection at Southern's facility, the investigators took possession of three pieces of tire tread. (Derian Dep., Doc. 32-10, at 26–28). The record evidence does not reveal whether the inspectors found the tread or someone gave it to them. (Byrd Dep. at 50; Wood Dep. at 49; McGovern Dep. at 34–36, 38; Carter Dep. at 36–37; Derian Dep. at 23–24). Before the inspection, Southern had told Seneca that the failed tire was a three-month-old Goodyear tire. (McGovern Dep. at 29; Carter Dep., at 48, 51; Derian Dep. at 46). But based on a visual inspection of the tread pieces, an expert hired by Seneca's investigators concluded that the tread came from a Kumho tire.[5] (Derian Dep. at 62, 116).

Upon receipt of its expert's report, Seneca put Kumho on notice that it believed the failed tire was a Kumho product. But by that time, Southern had sold the truck as salvage. (Carter Dep. at 40). Thus, although Kumho was able to inspect the pieces of tread, it was unable to inspect the truck and companion tires.

Relying on the conclusion of its expert, Seneca filed suit against Kumho for equitable subrogation (Count I), strict products liability (Count II),

---

[5] None of Southern's tire invoices from before the accident show that Southern ever purchased a Kumho tire. (Tire Invoices, Ex. 13 to McGovern Dep., Doc. 32-5, at 53–61; Carter Dep. at 13, 18, 33, 56–59, 62, 81–82; Hackmeyer Dep., Doc. 32-12, at 6–8). But two Southern employees recall purchasing an unknown brand of tire while working in South Carolina or Georgia that may not be reflected in Southern's records. (Byrd Dep. at 21; Wood Dep. at 13–18).

negligence (Count III), breach of warranty of fitness (Count IV), and breach of warranty of merchantability (Count V). (Compl., Doc. 1-1). Kumho now moves for summary judgment on all counts, arguing that Seneca cannot prove that the three tread pieces came from the failed tire or that the tire that failed was a Kumho tire. Kumho also seeks sanctions against Seneca for spoliation of evidence.

## II.    Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). "However, we draw these inferences only 'to the extent supportable by the record.'" Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "Thus, the requirement to view the facts in the nonmoving party's favor extends to genuine disputes over material facts and not where all that exists is 'some metaphysical doubt as to material facts.'" Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" Sawyer v.

Southwest Airlines Co., 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

III.   Discussion

    A.    **Seneca's claims fail as a matter of law because there is no evidence that the three tread pieces came from the failed tire.**

A plaintiff bringing a products liability action pursuant to Florida law

cannot prevail on claims for strict liability, negligence, or breach of warranty

unless it establishes the manufacturer's relationship to the product in question.

See Morton v. Abbott Labs., 538 F. Supp. 593, 595 (M.D. Fla. 1982) ("Plaintiff

in a product liability action must ordinarily prove that a manufacturer

defendant produced the product that allegedly caused the injury."); Hall v.

Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (finding

plaintiff's claims, including strict liability and negligence, failed as a matter of

law because it was undisputed that defendant did not "design, manufacture, or

distribute" the product at issue); Mahl v. Dade Pipe & Plumbing Supply Co., 546

So. 2d 740, 741 (Fla. 3d DCA 1989) (affirming summary judgment in defendant's

favor where plaintiff "relied on faith and hope alone" and did not present any

evidence that the defendant produced the product at issue); Matthews v. GSP

Corp., 368 So. 2d 391, 392 (Fla. 1st DCA 1979) (affirming directed verdicts

where plaintiff "failed to present evidence showing the identity of the

manufacturer of the" product that broke). A plaintiff bears a similar burden in

5

a subrogation claim. <u>Dade Cnty. Sch. Bd. v. Radio Station WQBA</u>, 731 So. 2d 638, 646–47 (Fla. 1999) ("Subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid." (quoting <u>West Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc.</u>, 495 So. 2d 204, 206–07 (Fla. 5th DCA 1986))).

Here, Seneca presents only the pieces of tire tread to show that Kumho manufactured the failed tire. And Kumho adamantly denies that it manufactured the three tread pieces. <u>See</u> Joseph L. Grant's expert report, Doc. 37-12. Thus, on this point, there is a genuine issue of material fact. But it is irrelevant whether Kumho manufactured the three tread pieces because Seneca presents no evidence that the three tread pieces came from the failed tire.

At some point, the tire carcass was disposed of and a new tire was put on the vehicle. (Carter Dep. at 30; Byrd Dep. at 47–48; Wood Dep. at 53; McGovern Dep. at 24, 40). None of the deponents in this case[6] knows who changed the tire, when it was changed, or what happened to the tire carcass. (Carter Dep. at 30; Byrd Dep. at 47–48; Wood Dep. at 53; McGovern Dep. at 24, 40). Likewise, there

---

[6] Deponents in this case include the two Southern employees who were in the vehicle during the accident, Southern's owner, two Seneca representatives, the expert hired by Seneca's forensic investigation firm, the owner of the tire company that typically supplied tires to Southern, and Kumho's expert.

6

is no evidence as to who—if anyone—collected tread pieces from the accident scene.[7] (Police R., Doc. 32-2; Byrd Dep. at 50; Wood Dep. at 49; McGovern Dep. at 34–36, 38; Carter Dep. at 36–37; Derian Dep. at 23–24). Indeed, there is no evidence as to the source of the tread pieces. (Byrd Dep. at 50; Wood Dep. at 49; McGovern Dep. at 34–36, 38; Carter Dep. at 36–37; Derian Dep. at 23–24).

Seneca argues that the deposition testimony of Southern's owner creates an issue of fact as to whether the failed tire was a Kumho product. To support that argument, Seneca cites the following excerpt from the owner's deposition:

Q: Do you know where these tread pieces were collected from?

A: I can only assume—from the accident site.

Q: Again, I don't want you to assume or to guess.

A: Okay.

Q: I want to know your knowledge.

(Carter Dep. at 36:24–37:5). But that testimony by itself does not create an issue of fact because the owner only assumed that the tread pieces had been collected from the accident scene. Seneca failed to cite the owner's testimony immediately following that excerpt, which makes this clear:

A: Well, I do not know, no, sir.

---

[7] Furthermore, both experts in this case agreed that because there are so many tire tread pieces on highways, finding tread pieces at the scene of an accident would not mean that the pieces are necessarily from that particular accident. (Derian Dep. at 33; Grant Dep., Doc. 32-13, at 28).

7

Q: Do you know who collected these tread pieces shown in Exhibit 4?

A: No, sir.

Q: Do you know from where these tread pieces were collected?

A: No, sir.

Q: Is it true that Southern States does not have knowledge of whether these tread pieces were from the subject tire?

A: Yes, sir.

(Id. at 37:6–37:16).   Seneca fails to present any evidence that the tread it inspected came from the failed tire that caused the accident.

The owner's testimony is consistent with the testimony of every deponent in this case—a denial of knowledge of the origin of the three tread pieces, which are the sole evidence allegedly tying Kumho to the accident.  (Byrd Dep. at 50; Wood Dep. at 49; McGovern Dep. at 34–36, 38; Carter Dep. at 36–37; Derian Dep. at 23–24).  Presumably everyone with knowledge regarding the origin of the tread pieces is within Seneca's reach—e.g., Southern employees, someone else present when the truck was towed from the accident scene, or employees of Seneca's forensic investigation company.  Yet, Seneca failed to acquire this information—or at least failed to present it to the Court.

Because Seneca has not presented any evidence that Kumho manufactured the failed tire, summary judgment must be granted in Kumho's favor on all claims.

**B.      Spoliation sanctions are denied because Kumho has not shown that the spoliated evidence was crucial to its case.**

Because the truck and its tires were sold or lost prior to Kumho's involvement in this litigation, Kumho also seeks spoliation sanctions against Seneca in the form of dismissal of the case and an award of attorney's fees and costs.    Spoliation is the "'destruction' of evidence or the 'significant and meaningful alteration of a document or instrument.'" Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1308 (11th Cir. 2003) (quoting Aldrich v. Roche Biomedical Labs., Inc., 737 So. 2d 1124, 1125 (Fla. 5th DCA 1999)) (further internal quotation omitted).  Although federal law governs the imposition of spoliation sanctions, courts sitting in diversity look to state law elements of spoliation to guide their decisions.   Flurry v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005).  "Under Florida law, spoliation is established when the party seeking sanctions proves that: (1) the evidence existed at one time, (2) the alleged spoliator had a duty to preserve the evidence, and (3) the evidence was crucial to the movant's prima facie case or defense." Southeastern Mech. Servs. v. Brody, 657 F. Supp. 2d 1293, 1299 (M.D. Fla. 2009) (citing Golden Yachts, Inc. v. Hall, 920 So. 2d 777, 781 (Fla. 4th DCA 2006)). Additionally, because "[d]ismissal represents the most severe sanction available to a federal court," it "should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice." Flurry, 427 F.3d at 944.

9

In this case, although the Court does not condone Seneca's or Southern's mishandling of the evidence, Kumho has not shown that the evidence was crucial to its case. Kumho still obtained summary judgment in its favor without the truck or tires. Given the disposition of this case, the Court denies the request for spoliation sanctions and does not reach the issue of bad faith.

## IV.   Conclusion

It is hereby **ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. 32) is **GRANTED in part**. The motion is **GRANTED** to the extent that it seeks summary judgment in Kumho's favor and is **DENIED** to the extent that it seeks spoliation sanctions.

2. Defendant's *Daubert* Motion to Exclude Expert Testimony of Plaintiff's Expert Gary A. Derian (Doc. 33) is **DENIED as moot**.

3. The Clerk is directed to enter a judgment providing that Seneca Insurance Company, Inc. takes nothing on its claims against Kumho Tire U.S.A., Inc. Thereafter, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida, on June 14th, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

10